UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD WADE COOEY, II,** | ) | **CASE NO. 5:96 CV 797** |
| | ) | |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **MARGARET BRADSHAW, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is Petitioner Richard Wade Cooey, II's Motion for Relief Pursuant to Federal Rule of Civil Procedure 60(b)("Rule 60(b) Motion"), originally filed on July 22, 2003. (*ECF No. 93*). The Rule 60(b) Motion asks this district court to grant relief to Petitioner on the basis that inadequate representation by federal habeas counsel impugned the integrity of the habeas proceedings both before this Court and on appeal to the Sixth Circuit Court of Appeals.

For the following reasons, the Court **DENIES** Petitioner's Motion for Relief pursuant to Federal Rule of Civil Procedure 60(b).

## I. BACKGROUND

On December 5, 1986, Richard W. Cooey, II was convicted in the Common Pleas Court of Summit County, Ohio of two counts of aggravated murder, two counts of aggravated robbery, two counts of kidnaping, one count of felonious assault, and four counts of rape. The court sentenced Cooey to incarceration for 48 to 140 years for the robbery, kidnaping, assault, and rape convictions. It sentenced him to death for the convictions of aggravated murder. The convictions and sentence were affirmed on direct appeal.[1]

Cooey's petition for state post-conviction relief was denied by the trial court, a decision that was affirmed on appeal. *State v. Cooey*, Nos. 15895, 15966, 1994 WL 201009 (Ohio Ct. App. May 25, 1994).

On October 17, 1996, Cooey filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in district court. On September 4, 1997, Judge Bell denied the writ,[2] and subsequently issued a certificate of probable cause for appeal under the procedure that pre-dated the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Cooey filed his notice of appeal.

On October 12, 2000, after having reviewed the parties' proof briefs, a panel of the Sixth Circuit Court of Appeals issued an order ruling that the AEDPA applied to Cooey's habeas case, and that the district court's issuance of a certificate of probable cause under the pre-AEDPA version of 28 U.S.C. § 2253(c) was ineffective. The panel also elected to treat his appeal as a request for certificate

---

[1] *See State v. Cooey*, No. 12943, 1987 WL 31921 (Ohio Ct. App. Dec. 23, 1987); *State v. Cooey*, 46 Ohio St.3d 20 (1989). The United States Supreme Court denied certiorari on April 1, 1991. *Cooey v. Ohio*, 499 U.S. 954 (1991).

[2] *See Cooey v. Anderson*, 988 F.Supp. 1066 (N.D. Ohio 1997)(Bell, J.).

of appealability ("COA"). After expressing its tentative conclusion that Petitioner had failed to make a substantial showing of the denial of a constitutional right, the Sixth Circuit directed him to show cause why it should not deny his COA application. Attached to the unreported show cause order was an appendix summarizing the panel's tentative findings with respect to each issue raised in the appeal. The appendix also detailed numerous instances of Cooey's careless (or worse) brief writing.[3] After further briefing and oral argument, the Sixth Circuit issued a decision on April 16, 2002, in which it concluded that a COA should be issued as to only two of the seven issues raised.[4] As to the two remaining issues, the Sixth Circuit concluded that (1) the Ohio Supreme Court's reweighing of aggravating circumstances and mitigating factors on direct appeal did not involve a decision that was contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts in light of the evidence presented, and (2) Petitioner was not entitled to relief based on ineffective assistance of counsel.

On March 31, 2003, the United States Supreme Court denied Cooey's petition for writ of certiorari,[5] and later denied the petition for rehearing on May 19, 2003.[6]

---

[3] *See Cooey v. Coyle,* No. 98-3050, Appendix to October 12, 2000 Order, at 22, 25, 26, 29, 33, 47, 48, 50, 51, 52, 61, 64, 69 (finding some of Cooey's claims were irrelevant, his case law inapposite, and his factual assertions erroneous).

[4] *See generally Cooey v. Coyle*, 289 F.3d 882 (6th Cir. 2002). The two issues that survived COA review were: (1) whether the Ohio Supreme Court failed on direct appeal to correct the trial court's errors in weighing the aggravating and mitigating factors, and (2) whether Cooey's trial counsel provided ineffective assistance. *Id*. at 887-88.

[5] *See Cooey v. Coyle*, 538 U.S. 947 (Table)(Mar. 31, 2003).

[6] *See Cooey v. Coyle*, 538 U.S. 1053 (Table)(May 19, 2003).

After granting the State's motion to set an execution date, the Ohio Supreme Court scheduled Cooey's execution for July 24, 2003.[7]

On June 10, 2003, a little over one month before Cooey's execution date, the Chief Deputy Clerk of the Sixth Circuit Court of Appeals mailed letters to the two attorneys who had represented Cooey in his habeas appeal. The letter to one attorney stated:

> I am writing to advise you that I have asked the Ohio Public Defender's Office to be prepared to locate new counsel for Mr. Cooey in the event that he wishes to initiate any new federal filings between now and his scheduled execution date of July 24, 2003.
>
> The court has authorized me to tell you that you will not receive any new appointments on appeal or extensions of appointments under the Criminal Justice Act in capital cases. This reflects the court's dissatisfaction with both the quality of the appellate briefs and the oral argument in *Cooey v. Coyle* and the amount of the attorney's fees which were paid to you and [co-counsel] for Mr. Cooey's representation.
>
> I sent a similar letter to [co-counsel] so that he is also fully apprised of his status as to any future capital litigation involving Mr. Cooey and other death penalty appeals in this circuit.

The letter to the other attorney, although referencing a different case, stated:

> This is a death penalty appeal in which you appear to be co-counsel of record with [name omitted]. The usual case opening letter with an extension of the CJA appointment will, however, be going only to [name omitted].
>
> I am authorized to tell you that the court will not appoint or extend any trial appointments to you in capital cases. This reflects the court's dissatisfaction with both the quality of the appellate briefs and the oral argument in *Cooey v. Coyle* and the amount of the attorney's fees which were paid to you and [co-counsel] for Mr. Cooey's representation. On behalf of the court, I have asked the Ohio Public

---

[7]*See State v. Cooey*, 98 Ohio St.3d 1560 (Table)(May 7, 2003).

-4-

> Defender's office to find a substitute for you in this appeal and to be prepared, if necessary, to arrange for new counsel for Mr. Cooey in the event he wishes to initiate any new federal filings between now and the end of July.
>
> I will be sending a similar letter to [co-counsel] so that she is fully apprised of her status as to any future capital litigation involving Mr. Cooey.

Both letters are entered in detail on the Sixth Circuit's docket.

On the same day that the Chief Deputy Clerk issued these letters, she telephoned attorney Joe Bodine, Esq., at that time an attorney with the Office of the Ohio Public Defender.[8] Because Attorney Bodine was unavailable, the call was taken by Ohio Senior Assistant Public Defender Gregory Meyers, Esq. of that office. The Chief Deputy Clerk asked Attorney Meyers if he could locate replacement habeas counsel for the *Cooey* case. She explained that the reason for the request was the Sixth Circuit panel's displeasure with Cooey's habeas appellate counsel. She asked that the Ohio Public Defender's Office be prepared to find new counsel for Cooey in the event that he intended to initiate any further federal litigation. Attorney Meyers agreed to assist in locating new counsel, and the Chief Deputy Clerk faxed copies of the afore-quoted letters to Attorney Meyers.

On June 10, 2003, in an earlier-scheduled conference with Attorney Meyers, habeas appellate counsel discussed their plan to attempt to seek review of several issues in federal court. Attorney Meyers asked them whether they had received any correspondence from the Sixth Circuit. After responding that they had not, Attorney Meyers faxed his copies of the Sixth Circuit letters to them.

---

[8] The facts in the next two paragraphs are gleaned from the *Reply to Respondent's Memorandum Opposing Richard Cooey's Motion for Appointment of Counsel and Request for a Stay in This Death Penalty Case in Which Execution is Set for July 24, 2003*, filed by Cooey on July 21, 2003. Although this brief was filed *pro se* by Cooey, it was prepared by voluntary *pro bono* counsel Adele Shank. *See Reply*, at 4 n.1.

(They did not actually receive the letters until three days later, on June 13, 2003.) Attorney Meyers was subsequently unable to find counsel willing to take on this case in the short time remaining before the scheduled execution on July 24, 2003.[9]

On Wednesday, July 16, 2003, Cooey filed with me a *pro se* "Motion to Appoint Counsel in this Death Penalty Case in Which Execution is Set for July 24, 2003." Because the Court's electronic filing system was in disrepair that entire week, I did not actually receive this *pro se* motion until Thursday, July 17, 2003. I initially granted the motion in an order dated July 17, 2003, appointing the Federal Public Defender's Office as counsel.[10] The next day the Federal Public Defender filed a motion to withdraw, citing Ohio Code of Professional Responsibility DR 6-101 and its lack of experience litigating death penalty cases. I granted the motion to withdraw in an order dated Monday, July 21, 2003, and appointed Attorney Meyers to represent Cooey.[11]

On July 22, 2003, Cooey filed the Rule 60(b) Motion and a motion for stay of execution. On July 23, 2003, Respondent filed its response brief. Also on July 23, 2003, I deferred my ruling on Petitioner's Rule 60(b) Motion and granted Petitioner's motion for stay of execution pending the Sixth Circuit's *en banc* rehearing of *Abdur'Rahman v. Bell*, Case Nos. 02-6547/6548 (6th Cir. Mar. 5,

---

[9] I held a telephone conference with counsel on July 21, 2003, in which Attorney Meyers represented that he was in contact with the Sixth Circuit Clerk's Office and that he had worked diligently to locate new counsel, but was unsuccessful. He stated that as late as the weekend of July 12, 2003, he thought he had located counsel in Cincinnati but learned on Monday, July 14, 2003 that this attorney could not do it – and he communicated as much to the Sixth Circuit.

[10] The July 17, 2003 order of appointment directed the Federal Public Defender's Office to represent Cooey "for the limited purpose of determining whether the petitioner is entitled to any of the federal relief sought (Fed. R. Civ. Proc. 60(b), recall of the mandate, and Writ of Habeas Corpus under 28 U.S.C. § 2254), and if so, for the filing of the appropriate pleadings."

[11] I appointed Attorney Meyers "for the purpose of advising Petitioner whether he has any further federal remedies and if so, to file the appropriate pleadings."

2003)(order granting rehearing *en banc*), or until the Sixth Circuit construed its June 10, 2003 letters to Cooey's former federal habeas appellate counsel. Finding that the Sixth Circuit's letters as well as the time constraints under which counsel and I labored rendered it necessary to grant Petitioner's motion for a stay of execution, I held:

> The underlying premise of the stay of execution is that the Court of Appeals' letters to Cooey's prior appellate habeas counsel have cast a cloud over the integrity of the habeas process, and that it would be unseemly for Cooey to be executed while that cloud exists. Rule 60(b) relief is "reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross'" and to prevent grave miscarriages of justice. *United States v. Beggerly*, 524 U.S. 38, 46-47 (1998). The Court finds that the extraordinary circumstances in this case could warrant Rule 60(b) relief. It is for the Sixth Circuit to make the ultimate determination as to the meaning and import of its June 10, 2003 letters, and the Court of Appeals, of course, has the authority and discretion to take up this question separately and independently from any decision in *Abdur'Rahman*. I have had 48 hours to grapple with this unprecedented situation. Ultimately, I have concluded that the integrity of the federal courts would be impugned if the State of Ohio executes Richard Cooey tomorrow.

*ECF No. 98 at 16-17.*

Respondent appealed my decision on July 24, 2003. Specifically, Respondent asked that the Sixth Circuit vacate my order staying Petitioner's execution. Additionally, Respondent filed with me an emergency motion to alter or amend judgment. The Sixth Circuit Court of Appeals denied Respondent's motion, as did I. Also on July 24, 2003, the Respondent filed an application to vacate the stay of execution with the United States Supreme Court, which the Court denied on that date.[12]

On December 14, 2004, the Sixth Circuit Court of Appeals issued its decision in *In re Abdur'Rahman*, 392 F.3d 174 (6th Cir. 2004). Thereafter, on December 16, 2004, I issued an order acknowledging the *Abdur'Rahman* decision and setting forth a briefing schedule for the parties. I

---

[12] *See Bradshaw v. Cooey*, 539 U.S. 973 (2003).

-7-

required the parties to address the following five issues in their supplemental briefs:

1. Is Petitioner's purported Rule 60(b) Motion in fact a Rule 60(b) motion under the *Abdur'Rahman* standard, or is it a second or successive habeas petition under 28 U.S.C. § 2244(b);

2. If it is in fact a Rule 60(b) motion, under which provision of Rule 60(b) is Petitioner bringing his claim;

3. Given that there is no Sixth Amendment right to effective assistance of habeas counsel, under what standard should the Court review Cooey's claim (e.g., should the Court still use the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984));

4. After reviewing the record in this case, does Petitioner have any other Rule 60(b) issues not presented in his earlier motion (ECF No. 93) which he would like to raise; and

5. Who should address the merits of Petitioner's claim(s), the district court or the circuit court of appeals?

*ECF No. 112*.

Petitioner filed his supplemental brief to the Rule 60(b) Motion on January 28, 2005, addressing the above issues. Respondent filed an opposition brief on February 11, 2005. On February 22, 2005, Petitioner, through counsel, filed a *pro se* motion to appoint new counsel and motion to extend the deadline in which to file a reply to Respondent's opposition. After conducting an *ex parte* video conference with Petitioner and counsel Gregory Meyers and Kelly Culshaw, both from the Office of the Ohio Public Defender, Petitioner agreed to withdraw his motions upon my suggestion that Petitioner be permitted, through counsel, to file a brief reflecting the additional issues that he wished to raise in his Rule 60(b) supplemental brief. Consequently, I issued an order denying Petitioner's *pro se* motions as moot and permitting him until March 16, 2005, to file a brief containing the issues that were omitted from counsel's previously filed Rule 60(b) brief.

-8-

On March 15, 2005, Petitioner's counsel filed their reply brief. After requesting and receiving permission from me for a page extension, Petitioner filed his personal supplemental brief on March 16, 2005. Petitioner then filed a motion to supplement and add to his personal supplemental brief on March 28, 2005. I granted the motion, extending the time in which Respondent could file a response to Petitioner's personal supplemental brief to April 8, 2005, which she filed on that date. After requesting and receiving permission to file a reply brief, Petitioner filed a reply to the Respondent's opposition on April 29, 2005.

On June 23, 2005, the United States Supreme Court issued its opinion in *Gonzalez v. Crosby*, – U.S. –, 125 S.Ct. 2641 (2005). This decision effectively preempts *In re Abdur'Rahman* as the controlling authority on the issue of whether a habeas petitioner's motion pursuant to Rule 60(b) is the practical equivalent of a successive petition pursuant to 28 U.S.C. § 2244. Finally, on July 29, 2005, the Sixth Circuit issued its opinion in *Post v. Bradshaw*, No. 03-4085, 2005 WL 1796223 (6th Cir. July 29, 2005), holding that 28 U.S.C. § 2254(i) precludes a habeas petitioner from asserting inadequate representation as the grounds for filing a Rule 60(b) motion.

## II. SECTION 2254(i) ISSUE

In her opposition and supplemental opposition to Petitioner's Rule 60(b) Motion, Respondent urges the Court to reject Petitioner's claims based on 28 U.S.C. § 2254(i). That statute states that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). Thus, because the sole issue on which Petitioner predicates relief pertains to previous habeas counsel's performance or conduct (irrespective of the Court's finding regarding what type of relief he

-9-

seeks), the Respondent asserts that the statute precludes any relief based on attorney misconduct as the Petitioner asserts here. Respondent urges the Court to consider the Sixth Circuit's unreported decision in *Benner v. Coyle*, No. 3158, slip op. (6th Cir. June 21, 2002), which held that § 2254(i) precluded the petitioner from asserting that counsel's performance in the district court's habeas proceeding was inadequate.

As stated above, since the Respondent has filed her opposition the Sixth Circuit Court of Appeals issued its decision in *Post v. Bradshaw*. There the court held that a purported Rule 60(b) motion alleging habeas counsel's inadequate representation for failing to conduct discovery the district court had granted was barred under § 2254(i) because it was a proceeding "arising under" § 2254. While it observed that the *Gonzalez* Court had held Rule 60(b) motions could be brought in habeas proceedings, it further observed that the *Gonzalez* holding "makes it clear that when the AEDPA-amended habeas statutes conflict with Rule 60(b), AEDPA controls." *Id.* at *3. Finding that the petitioner's Rule 60(b) motion was invalid because of the constraints of § 2254(i), the court determined that it could not entertain the petitioner's motion. *Id.*

Like the *Post* petitioner, Petitioner raises several issues regarding the performance of previous habeas counsel. While the main thrust of the performance issues he raises pertain to appellate habeas counsel's performance, some of the claims attack the performance of previous habeas counsel before the district court. In his initial Rule 60(b) Motion, Petitioner alleges that habeas counsel committed errors when filing the petition Judge Bell previously considered.[13] First, he contends that counsel

---

[13] In Petitioner's initial Rule 60(b) Motion, he indicated on numerous instances that, because of the time restraints under which his counsel labored to prepare the Motion, he could not review and discern any additional instances of trial habeas counsel's misconduct adequately. *ECF 93, at 2, 7, 10, 13*. As stated above, I thereafter provided Petitioner's counsel an opportunity to conduct a measured review of the habeas proceedings before Judge Bell to glean any additional

-10-

improperly raised the issue of the trial court's weighing decision during the mitigation phase of trial. Specifically, he asserts that Judge Bell did not consider the issue of whether the trial court erroneously required Petitioner to prove one of the mitigating factors, Ohio Revised Code § 2929.04(B)(3), under a standard higher than the one set forth under Ohio law.[14] Petitioner argues that the language in Judge Bell's opinion indicates habeas counsel's incompetence. In reviewing this claim, Judge Bell held:

> Cooey first notes that the statute requires only a lack of substantial capacity. He then asserts that the trial court applied the stricter requirement of a lack of any capacity at all. As a result, he concludes, the trial court effectively misconstrued the mitigating factor, denying him of his rights under the Eighth and Fourteenth Amendments. On direct review, the Ohio Supreme Court denied this claim on the merits. *State v. Cooey*, 46 Ohio St.3d at 40, 554 N.E.2d at 895.
>
> **Curiously, Cooey fails to cite to the trial record or sentencing opinion to support his characterization of the panel's construction and application of the mitigating factor set forth in § 2929.04(B)(3).** Upon its own review, the court finds no evidence that the panel acted inappropriately in considering the mitigating factor. . . . Nothing in the [trial court's] discussion reveals any misapplication of the mitigating factor to Cooey's mental capacity. Furthermore, the psychologist testified that Cooey did not suffer from a mental disease or defect, thereby precluding even the need to consider the impact of such ailments on his mental capacity. Consequently, the court finds that Cooey's fifteenth [claim] lacks merit and must be denied.

*Cooey v. Anderson*, 988 F.Supp. 1066, 1094-95 (N.D. Ohio 1997)(emphasis supplied). Petitioner argues that the above-emboldened language demonstrates habeas counsel's inadequacy.

Petitioner asserts an additional error regarding Judge Bell's review of the trial court's sentencing decision. He alleges that, because of the manner in which previous habeas counsel raised the issue of whether the trial court improperly considered prejudicial portions of a pre-sentence report from the

---

instances of trial habeas counsel's alleged misconduct. In counsel's supplement to this initial brief, counsel indicated that they had no new instances of counsel misconduct to raise. *ECF 114, at 7.*

[14] A capital defendant may prove as a mitigating factor that, because of a mental disease or defect, he lacked the substantial capacity to appreciate the criminality of his act or conform his conduct to the requirements of the law. Ohio Rev. Code § 2929.04(B)(3).

-11-

opinion of the State's examining psychiatrist, Judge Bell did not conduct an adequate review of that claim. In his opinion denying this claim, Judge Bell found that, pursuant to *Gardner v. Florida*, 430 U.S. 349, 430 (1977), a habeas court is not to examine the possible prejudicial impact of a pre-sentence report. While he observed the Sixth Circuit's holding in *United States v. Silverman*, 976 F.2d 1502, 1508 (6th Cir. 1992), in which that court held that a sentence may not rest on material misinformation, Judge Bell concluded that there was "no evidence that the [three-judge] panel acted improperly in sentencing Cooey in light of the presentence report." *Cooey*, 988 F.Supp. at 1089.

Finally, Petitioner asserts that Judge Bell previously found that trial habeas counsel failed to support claims with proper evidence and citations to the record in two instances. One of these instances is quoted above. In the other, Judge Bell noted that *state post-conviction counsel*, not habeas counsel, submitted no evidence to the state courts to support Petitioner's claim. *Cooey v. Anderson*, 988 F.Supp. at 1066, 1077 (N.D. Ohio 1997). Petitioner also alleges that Judge Bell's "adjudication of the ineffective assistance of trial and appellate counsel claims was rendered essentially void by previous counsel's completely incompetent advocacy with respect to these issues." *ECF 93, at 14*. He provides no further specific allegations to support this claim.

Clearly, the *Post* decision forecloses any prospect of relief for Petitioner regarding prior habeas counsel's actions before the district court. Because the *Post* court held that a Rule 60(b) Motion is a proceeding "arising under" § 2254, any allegations raised in such a motion pertaining to habeas counsel's inadequate performance is barred from review pursuant to § 2254(i). Accordingly, as Petitioner here raises exclusively issues regarding habeas counsel's alleged inadequate representation, this Court is without authority to hear his Rule 60(b) Motion according to the *Post* holding.

-12-

Although it is clear that Petitioner cannot assert a successful claim of inadequate representation regarding prior counsel before the district court, the Court cannot make a similar conclusion regarding Petitioner's counsel before the Sixth Circuit Court of Appeals. The Petitioner asserts that habeas appellate counsel inadequately represented him based on the Sixth Circuit's June 10, 2003 letters. Importantly, Petitioner concedes that this Court has no authority to remedy alleged misconduct that arose in the Sixth Circuit Court of Appeals. *See ECF No. 114, at 8* ("This Court cannot remedy any misconduct that occurred in the appellate court."). Courts have generally adhered to the principal that a lower court is without authority to adjudicate issues that originated or were decided in the courts above it. *See, e.g., Briggs v. Pennsylvania R. Co.*, 334 U.S. 304, 306 (1948)(holding inferior court has no power to deviate from mandate issued by appellate court); *State v. Murnahan*, 63 Ohio St.3d 60, 63 (1992)(finding trial court not empowered to void a decision made by an appellate court based on claim of ineffective assistance of appellate counsel). The Court cannot construe the import of the Sixth Circuit's June 10, 2003 letters to habeas appellate counsel.[15] Accordingly, the Court leaves open

---

[15] The Sixth Circuit has not provided further explanation of its written reprimand to counsel. One judge wrote that the Court's displeasure with habeas appellate counsel stemmed from counsel's overzealous representation:
> Suffice it to say that our displeasure with counsel's performance was based on appellate habeas counsel's overt strategy to litigate every conceivable claim, despite the utter baselessness of many of them. It was *not* based on any conclusion, upon our exhaustive review of the record in this case that counsel failed to recognize and raise any meritorious claims. In other words, our dissatisfaction stemmed from the waste of judicial and financial resources, *not* from concern over "errors left hidden behind bad representation." *See Cooey's Motion for a Stay*, at 4. Restated again, habeas appellate counsel's overzealousness may have unnecessarily burdened the Court, but it did not affect the integrity of Cooey's initial habeas proceedings or otherwise prevent us from understanding the case and reaching the right result.

*Cooey II v. Bradshaw*, 338 F.3d 615, 621 (6th Cir. 2003)(Boggs, J., dissenting)(emphasis in original)(footnote omitted).

for the Sixth Circuit Court of Appeals the issue of whether Petitioner in this instance can use Rule 60(b) to challenge habeas counsel's conduct despite the limitations set forth in § 2254(i).

### III. RULE 60(B)/SUCCESSIVE PETITION ISSUE

The Court alternatively holds that the United States Supreme Court's decision in *Gonzalez v. Crosby* would prevent Petitioner from obtaining relief regarding the allegations of previous habeas counsel's inadequate representation before the district court. The *Gonzalez* Court held that habeas courts should not universally treat Rule 60(b) motions as the practical equivalent of a successive petition. Instead, it found that, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceeding," then a Rule 60(b) motion was the proper avenue by which to correct this defect. *Id.* at 2648.

While Petitioner asserts that previous habeas counsel's conduct impugned the integrity of the prior habeas proceeding before Judge Bell, the remedy he seeks is a re-litigation of the habeas claims he initially raised in the petition. Thus, unlike the circumstances presented in *Gonzalez*, where the petitioner sought the district court's review of its statute of limitations decision based on an intervening Supreme Court opinion construing that statute, Petitioner here asks me to re-adjudicate claims Judge Bell previously rejected. These claims relate exclusively to the constitutionality of Petitioner's conviction and sentence in state court. Thus, pursuant to the standard set forth in *Gonzalez*, the claims Petitioner raises in his Motion pertaining to trial habeas counsel's inadequacy are properly construed as claims that must be raised in a second or successive petition pursuant to 28 U.S.C. § 2244(b). As

-14-

such, this Court is without jurisdiction to hear them unless and until Petitioner obtains prior approval from the Sixth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3).[16]

As stated above, the grounds upon which Petitioner asserts he is entitled to Rule 60(b) relief based on appellate habeas counsel's misconduct stem primarily from the June 10, 2003 letters the Sixth Circuit published regarding counsel's representation before the Sixth Circuit. Petitioner asserts that the Sixth Circuit's admonitions of his counsel call into question the integrity of those proceedings. As this Court stated in its July 23, 2003 order: "It is for the Sixth Circuit to make the ultimate determination as to the meaning and import of its June 10, 2003 letters." *ECF 98, at 16*. Accordingly, Petitioner must raise directly with the Sixth Circuit Court of Appeals the issue of whether appellate habeas counsel's conduct in this case gives rise to a claim pursuant to Rule 60(b) or the equivalent of that Rule in a federal habeas appellate proceeding.[17]

---

[16] Similarly, Petitioner's personal supplement alleges claims that relate directly to the underlying state conviction and sentence. In his supplement, he asserts, *inter alia*, that prior habeas counsel did not raise several arguments in the initial petition before Judge Bell because his counsel had a conflict of interest with trial counsel.

Like the claims counsel raised, the claims raised in Petitioner's personal supplement are actually a successive habeas petition under § 2244(b). Petitioner's assertion that he failed to raise several claims in the initial habeas petition because of counsel's failures is an attempt to re-litigate the claims raised and addressed (or found to be procedurally defaulted) by the state court. Thus, his attack on prior habeas counsel for failing to raise certain issues in the initial petition before Judge Bell is not a proper request for relief from judgment pursuant to Rule 60(b).

[17] The Court recognizes that, as part of the Rules of Civil Procedure, Rule 60(b) merely governs procedure in the United States district courts. Fed. R. Civ. P. 1. Thus, it appears that Petitioner must seek redress in the Sixth Circuit pursuant to Rule 40 of the Rules of Appellate Procedure. That Rule permits an appellant to file a petition for a panel rehearing when "the petitioner believes that the court has overlooked or misapprehended" a "point of law or fact" in a case previously raised before the court of appeals. Fed. R. App. P. 40(a)(2). While Rule 40 appears to be the only avenue by which Petitioner can raise issues of appellate counsel's performance to the court of appeals, the Court reserves for the Sixth Circuit the issue of how Petitioner would appropriately raise this issue before it.

-15-

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's Rule 60(b) Motion (*ECF No. 93*) and his personal supplement to the motion.  The Court finds that the Sixth Circuit's ruling in *Post v. Bradshaw* forecloses Petitioner from seeking relief pursuant to Rule 60(b) based on habeas counsel's inadequate representation before the district court.  Because the Court cannot resolve issues whose factual predicate arose in the court of appeals, the Court reserves for the Sixth Circuit Court of Appeals the issue of whether § 2254(i) precludes Petitioner from raising inadequate representation claims based on the June 10, 2003 letters written by that Court.

Alternatively, the Court holds that, pursuant to *Gonzalez v. Crosby*, Petitioner's purported Rule 60(b) Motion raising issues of habeas counsel's inadequate representation before the district court in both counsel's supplement and Petitioner's personal supplement is the practical equivalent of a successive petition under § 2244(b).  The Court leaves the issue of how to construe Petitioner's Rule 60(b) Motion regarding habeas appellate counsel's conduct for the Sixth Circuit Court of Appeals to resolve.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster 8/11/05*
**Dan Aaron Polster**
**United States District Judge**

-16-